## JONES *v.* WOODMAN.

If B. give to C. a lease of his farm for three years for the rent of $450, paid in advance, subject to be terminated by B., on giving notice to quit, and at the end of the first year C. quits, on receiving notice therefor, an action for money had and received can be maintained against B. for the amount in his hands for the unexpired term.

Where A. purchased a farm, subject to a lease from B., the grantor, to C., which had two years to run, but which could be terminated by the lessor or his assigns on notice, and for which two years C. had paid B. $300, and at the time of the conveyance of the farm the lease was assigned to A., without consideration paid by him, and he afterwards terminated the lease by notice to C.—*Held*, that in taking the deed and lease, A. assumed the position of B., the grantor, and that a jury might infer from the facts, that $300 were placed in the hands of A. for C., with his agreement, and that an action for money had and received might be maintained therefor by C.

ASSUMPSIT. The writ was dated September 10th, 1850, and contained two counts; one, for use and occupation of a certain farm in Danbury, in the county of Grafton, from April 1, 1848, to May 20, 1850; the other, for money had and received.

The following facts appeared in evidence: one Jason Thayer, being the owner of the farm, leased the same to the plaintiff, from the 20th day of May, 1847, to the 20th day of May, 1850, by lease in writing, for the sum of $450 for the term, to be paid in advance, which was accordingly done.

The lease contained the following clause: " the said Thayer reserves the right to sell the premises at any time during the term of this lease, and the said Jones agrees to leave said premises on the 1st day of April next after said sale, if so required by said Thayer or his assigns."

The plaintiff took possession under his lease, and continued in possession till the 1st day of April, 1848, when Thayer, having sold and conveyed the farm to the defendant, by deed dated November 23d, 1847, and the defendant having given the plaintiff notice to quit on said first day of April, the plaintiff left the farm, and gave up the possession to the defendant.

The deed contained the following clause: " this conveyance is made subject to a lease of the premises to one Peter Jones, for the term of three years from the 20th day of May, 1847."

The plaintiff offered the deposition of Caleb E. Foster, which was admitted, subject to the defendant's exception. Foster testified that at the time of the conveyance from Thayer to the defendant, it was agreed by them, verbally, that the defendant should not disturb the plaintiff in his possession until the expiration of his lease; and it was understood and agreed that if he did, he should buy him off or pay him therefor; and the sum of $300 was allowed him therefor, by way of deduction in the purchase money.

At the time of the conveyance, the lease was assigned by Thayer to the defendant, by indorsement thereon in these words: " I hereby assign all my right, title and interest in the within lease to Levi T. Woodman."

A verdict was taken, by consent, for the plaintiff, judgment to be entered thereon, or the same to be set aside, and judgment to be entered for the defendant, according to the opinion of this court.

*Kittredge*, for the defendant.

The plaintiff cannot recover on his first count; the rela-

tion of landlord and tenant did not exist. The defendant held the premises adversely. An action for use and occupation, therefore, cannot be maintained. This principle is too familiar to need authorities.

The deposition of Foster ought not to have been admitted; it tended to vary the terms of a written contract.

But if it should be admitted, the plaintiff cannot recover on his second count. There was no privity between the parties. The promise, if any, was made to Thayer, from whom the consideration proceeded, and who alone was entitled to an action against the defendant, if any one was. Hammond on Parties 6; *Warren* v. *Batchelder*, 15 N. H. Rep. 129.

If the plaintiff has any remedy, it is against Thayer; but it is doubtful if he has any, there being no promise to refund the money paid, in any event.

*Tappan*, with whom was *Everett*, for the plaintiff.

I. The conveyance from Thayer to Woodman was made " *subject* " to the lease to Jones. As against Jones, Woodman had no right whatever to the premises until the expiration of Jones' term. Jones had the right to occupy and enjoy the premises until his term expired; and Woodman had no right there except by his consent. If he entered before the term expired, he must be considered as occupying under Jones, and by his consent. He cannot be considered as claiming adversely to Jones, when all the right he had is subject to the plaintiff's leasehold title. For such use and occupation, we contend the plaintiff is entitled to recover under his first count.

He could have no right of action on the lease against Thayer, for the breach of any covenant for quiet enjoyment, for by the terms of the lease, Thayer had a right to sell the premises.

It is not necessary that the plaintiff, in an action for use and occupation, should be the owner of the premises. The

20

action may be maintained by a *lessee.* 3 Dana's Rep. 3 ; and by a mortgagee ; *Covis* v. *Mc Clary,* 5 N. H. Rep. 529.

II. But if the plaintiff cannot recover under his first count for use and occupation, we contend, in the second place, that, aside from any parol agreement, as testified to by Foster, the plaintiff has a right to recover under his count for money had and received, and upon this ground : By the conveyance from Thayer and the assignment of the lease, Woodman stood precisely in Thayer's position, and Jones has the same rights as against him that he would have against Thayer. The position of matters between Jones and Thayer seems to be this : Jones had paid the full rent of the premises in advance, Thayer reserving the right to sell, and Jones agreeing to quit on the happening of that event. But notwithstanding by the terms of his lease he was required to quit if Thayer sold, still Thayer, having received the rent in advance for the whole time, would be bound to refund to Jones the value of his unexpired term, in an action for money had and received. There would be no breach of any covenant ; but Thayer, in that event, would have in his hands money of the plaintiff, which in equity and good conscience he ought not to hold. So when Thayer sold the premises to Woodman, (not absolutely and unconditionally, as he might have done by the terms of the lease, but subject to the lease of the premises to Jones,) at the same time assigning to Woodman the lease, we say that Woodman was placed in the same position in reference to Jones that Thayer himself occupied after he sold ; and if Thayer required Jones to leave before his term expired, upon notice, agreeably to the terms of the lease, he is bound to pay back to the plaintiff the value of his unexpired term, in an action for money had and received.

III. But under the agreement, as testified to by Foster, there would seem to be no doubt that the plaintiff has the right to maintain an action against the defendant for money had and received.

Jones *v.* Woodman.

The testimony of Foster was not offered to control, vary or explain any written instrument or agreement.

The facts he testifies to constitute a distinct, independent parol agreement, which it was competent for the parties to enter into, and does not conflict with the principle in relation to parol evidence. 1 Greenl. Ev. § 303; 4 Phil. Ev. (Cow. & Hill's Notes, (604, 611,) ed. of 1850;) *Stearns* v. *Hall,* 5 Law Reporter (new series) 17, and notes; *Monroe* v. *Perkins,* 9 Pick. 298; *Hersom* v. *Henderson,* 1 Foster's Rep. 224.

The contract made between Thayer and Woodman, that Woodman should not disturb the plaintiff in his possession, that if he did so, he should buy him off or pay him therefor, receiving three hundred dollars for that purpose, was a contract made for the benefit of Jones, one in which he is beneficially interested, and on which he can maintain this action. " That the party to be benefitted by the promise may bring an action upon it, has been decided in numerous cases." 22 Amer. Jurist 19; 1 Chit. Pl. 4; *Felton* v. *Dickerson,* 10 Mass. 290; *Martyn* v. *Heind,* Cowp. 443; *Dutton* v. *Poole,* 1 Ven. 318, 332; *Cabot* v. *Hoskins,* 3 Pick. 91, and cases cited.

The case of *Warren* v. *Bachelder,* 15 N. H. Rep. 129, is relied upon by the defendant as opposed to the doctrine contended for by the plaintiff.

But it is not necessary to call in question the learned decision in that case, as the present one seems to us to stand upon entirely different grounds, and to be clearly distinguishable from that. It would seem that the plaintiff was in effect a party to the agreement between Thayer and the defendant, and that he was not in any sense a mere stranger to the consideration. The consideration, in fact, moved from him. He was a party to the lease, of which the defendant, by his arrangement with Thayer, had become the assignee. He had paid his money in advance upon that lease, and by the arrangement between Thayer and Woodman, this money

came into the hands of the defendant. It was the same as though Jones had himself, in the first instance, paid over the money to Woodman.

By allowing Jones to recover of the defendant, it prevents circuity of actions, and takes from the defendant the money which it is not pretended he has any right to hold,—which does not belong to him, but which is in truth and in fact the money of the plaintiff.

EASTMAN, J. If the plaintiff cannot maintain this suit, and, as suggested by the counsel for the defendant, has no cause of action against Thayer, then it is quite evident that he must lose three hundred dollars unjustly. He paid in advance $450 for the use of the farm three years, being $150 a year; and he occupied it but one year, having surrendered the possession according to the terms of the lease.

We entertain no doubt that had Thayer sold and conveyed the premises to Woodman without reserve, and then notified Jones to quit, without assigning the lease, that Jones could maintain his action against Thayer for the amount paid for two years rent, being the balance of the unexpired term. He had received of Jones $300, and then had it in his possession, and it would be so much money which in equity and good conscience belonged to the plaintiff, and for which he could sustain an action for money had and received.

But can Jones maintain an action against Woodman? We think he can. Woodman bought the property in November, 1847, subject to the lease, which did not expire till May, 1850. It had then two years to run from May, after he took his deed, and had the lease not been assigned, Woodman would not be liable, because there was nothing in his deed that gave him the right to terminate the lease, and nothing that gave him possession till it was terminated; but, on the contrary, an express reservation that the conveyance was subject to the lease. So that, independent of the assignment, there could have been no consideration on which

to found the action. But, at the same time that the deed was given, Thayer assigned to Woodman all his right, title and interest in the lease, and, for aught that appears, without any consideration paid to him therefor; and the lease containing the clause that it might be terminated by Thayer, " or his assigns," Woodman, by giving notice to Jones to quit, thereby obtained possession of the premises the following April, two years before he otherwise could.

Woodman had the deed which gave him possession at the expiration of the term which the lease had to run; and he had the lease, which he could terminate or not, at his pleasure. The lease expressed the consideration and conditions upon which it had been given, and he took it as it was, subject to the rights of all parties connected therewith. If he chose to let it remain, the plaintiff would have no cause of complaint against any one; but if he should give him notice to quit, then he ought to indemnify him therefor. With his deed and the lease, he occupied precisely the position of Thayer. And we think the evidence was competent from which to find that Thayer, on the sale of the property and the transfer of the lease, placed in Woodman's hands $300, for the use of Jones; and that Jones was not a stranger to the transaction, but assented and agreed thereto. In arriving at this conclusion, we lay aside the deposition of Foster, the admissibility of which we have not considered; neither do we take into consideration the count for use and occupation.

With a full knowledge of the consideration that had been paid by Jones for the lease, and its terms and conditions, it would seem incredible that the $300 should not be reckoned in some way between Thayer and Woodman, for the benefit of Jones. As possession of the farm was not to be acquired, by the terms of the deed, until the expiration of the time the lease had to run, it would, as a natural consequence, be sold for a less sum than if immediate possession had followed; and as the case does not find, nor is there any

suggestion, that any consideration was paid for the lease by Woodman, the most natural conclusion would be that there was an agreement between Thayer and Woodman, on the transfer of the lease, that Woodman should pay the $300 to Jones, on giving him notice to quit, and that Jones was a party to the contract. It is not necessary that there be an express agreement shown, but it may be implied from the facts in the case. Jones, Thayer and Woodman were all three connected with the lease, and taking all the facts together, we think the jury might be warranted in finding that $300 were in the hands of Woodman, by the agreement of the parties, which in good conscience belonged to Jones ; and that, consequently, the count for money had and received can be sustained.

*Judgment on the verdict.*